# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| **DESIREE ABELHOUZEN,** | ) Case No. |
| | ) |
| Plaintiff, | ) **COMPLAINT AND JURY DEMAND** |
| | ) |
| vs. | ) **JURY DEMAND** |
| | ) |
| **RECEIVABLES PERFORMANCE MANAGEMENT, LLC,** | ) |
| | ) |
| Defendant. | ) |

## NATURE OF ACTION

1. Plaintiff Desiree Abelhouzen ("Plaintiff") brings this action against Defendant Receivables Performance Management, LLC ("Defendant") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district and where Defendant transacts business in this district.

Complaint - 1

Thompson Consumer Law Group, PC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone: (602) 388-8875
Facsimile: (866) 317-2674
arinkleib@ThompsonConsumerLaw.com

## THE FAIR DEBT COLLECTION PRACTICES ACT

4.      Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

5.      To protect consumers and ensure compliance by debt collectors, "the FDCPA is a strict liability statute." *Johnson v. Riddle*, 305 F.3d 1107, 1122 (10th Cir. 2002).

6.      The FDCPA is a "remedial statute," and so "should be construed liberally in favor of the consumer." *Riddle*, 305 F.3d at 1117.

7.      "A single violation of the FDCPA is sufficient to state a claim." *Soren v. Equable Ascent Fin., LLC*, No. 2:12-CV-00038, 2012 WL 2317362, at *2 (D. Utah June 18, 2012) (citing *Taylor v. Perrin*, 103 F.3d 1232, 1238 (5th Cir.1997)).  "Plaintiffs who prove a violation of the FDCPA are entitled to statutory damages irrespective of the ability to prove actual damages." *Id.*

8.      Whether a collection letter violates the FDCPA is assessed under the least sophisticated consumer standard.  "[T]he courts consider 'how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer—understands the notice he or she receives." *Kalebaugh v. Berman & Rabin, P.A.*, 43 F. Supp. 3d 1215, 1220 (D. Kan. 2014) (quoting *Ferree v. Marianos*, 129 F.3d 130, 1997 WL 687693, at *1 (10th

Thompson Consumer Law Group, PC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone: (602) 388-8875
Facsimile: (866) 317-2674
arinkleib@ThompsonConsumerLaw.com

Cir. Nov. 3, 1997); *see also Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993) ("The basic purpose of the 'least-sophisticated consumer' standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd.").

## PARTIES

9. Plaintiff is a natural person.

10. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

11. Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

12. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

13. Plaintiff is a natural person allegedly obligated to pay a debt.

14. Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, personal satellite television services (the "Debt").

15. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

16. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

17. On or around April 2016, Plaintiff obtained satellite television services from Dish Network ("Dish").

Thompson Consumer Law Group, PC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone: (602) 388-8875
Facsimile: (866) 317-2674
arinkleib@ThompsonConsumerLaw.com

18. When Plaintiff's contract expired on or around April 2018, she terminated her services and mailed her equipment back to Dish.

19. Despite terminating her services with Dish, Dish continued to automatically bill and process a monthly payment for over two years.

20. On or around June 2020, Plaintiff discovered Dish's erroneous billing and unauthorized payment activity.

21. Accordingly, Plaintiff contacted her bank to stop the payments.

22. Subsequently, Dish began calling Plaintiff seeking to collect the Debt.

23. After explaining the history of the account to Dish, it sent her a final bill for $36.31, dated September 6, 2020.

24. Although Plaintiff disagreed with the bill—given she had been making payments for over two years despite closing her account and mailing back her equipment—she decided to pay it rather than deal with the hassle.

25. On October 6, 2020, Dish sent Plaintiff another bill—adding $318.11 for the equipment she had previously returned.

26. On October 8, 2020, Plaintiff's husband, Tim Abelhouzen, called Dish regarding the Debt.

27. Mr. Abelhouzen spoke with Dish agent or employee "Bea."

28. Bea advised that the account has a balance of $354.24.

29. Bea confirmed the additional $318.11 resulted from the alleged unreturned equipment.

Complaint - 4

Thompson Consumer Law Group, PC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone: (602) 388-8875
Facsimile: (866) 317-2674
arinkleib@ThompsonConsumerLaw.com

30. Mr. Abelhouzen explained that Plaintiff had returned the equipment on or around April 2018.

31. Mr. Abelhouzen also explained how Dish continued to take payment from Plaintiff for over two years despite her having closed the account, noting that the unauthorized payments well exceeded the disputed equipment balance.

32. Bea agreed that Plaintiff was not responsible for unreturned equipment, confirming a balance of $36.31.

33. Mr. Abelhouzen paid the $36.31.

34. Before ending the call, Mr. Abelhouzen obtained confirmation from Bea that the account had a $0.00 balance.

35. In connection with the collection of the Debt, Defendant sent Plaintiff written communication dated October 14, 2020.

36. A true and correct copy of Defendant's October 14, 2020 letter is attached as Exhibit A.

37. Defendant's October 14, 2020 letter was its initial communication with Plaintiff with respect to the Debt.

38. Defendant's October 14, 2020 letter states that Plaintiff owes the Debt.

39. Defendant's October 14, 2020 letter identifies the balance of the Debt as $318.11.

40. In response, Plaintiff, via Mr. Abelhouzen, sent Defendant a timely written dispute dated November 6, 2020 via certified mail.

Thompson Consumer Law Group, PC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone: (602) 388-8875
Facsimile: (866) 317-2674
arinkleib@ThompsonConsumerLaw.com

41. A true and correct copy of the November 6, 2020 letter and certified mail receipt is attached as Exhibit B.

42. Defendant received the November 6, 2020 letter on November 12, 2020.

43. Despite receiving the November 6, 2020 dispute letter, Defendant continued its efforts to collect the Debt without first verifying it.

44. In connection with the collection of the Debt, Defendant sent Plaintiff written communication dated January 9, 2021.

45. A true and correct copy of Defendant's January 9, 2021 letter is attached as Exhibit C.

46. At no point prior to January 9, 2021 did Defendant send Plaintiff verification of the Debt.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e

47. Plaintiff repeats and re-alleges each factual allegation above.

48. The FDCPA creates a broad, flexible prohibition against the use of misleading, deceptive, or false representations in the collection of debts. *See* 15 U.S.C. § 1692e; *Hamilton v. United Healthcare of Louisiana, Inc*., 310 F.3d 385, 392 (5th Cir. 2002) (citing legislative history reference to the FDCPA's general prohibitions which "will enable the courts, where appropriate, to proscribe other improper conduct which is not specifically addressed").

Complaint - 6

Thompson Consumer Law Group, PC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone: (602) 388-8875
Facsimile: (866) 317-2674
arinkleib@ThompsonConsumerLaw.com

49. Included as an example of conduct that violates section 1692e is the false representation of the character, amount, or legal status of a debt. 15 U.S.C. § 1692e(2)(A).

50. Thus, the plain-language of the FDCPA makes it clear that under the strict liability framework, any false representation as to the amount of the debt is sufficient to show a violation of the FDCPA. *See Randolph v. IMBS, Inc.*, 368 F.3d 726, 730 (7th Cir. 2004) ("§ 1692e(2)(A) creates a strict-liability rule. Debt collectors may not make false claims, period."); *see also Turner v. J.V.D.B. & Associates, Inc.*, 330 F.3d 991, 995 (7th Cir. 2003) ("under § 1692e ignorance is no excuse").

51. Congress, recognizing that it would be impossible to foresee every type of deceptive collection misbehavior, expressly included in the FDCPA a catchall provision, prohibiting "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

52. The FDCPA is intended to be "comprehensive, in order to limit the opportunities for debt collectors to evade the under-lying legislative intention," and therefore the same conduct may violate multiple sections of the Act. *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1178 (9th Cir. 2006) (citing FTC Official Staff Commentary on FDCPA, 53 Fed. Reg. 50097, 50101).

53. Defendant violated 15 U.S.C. § 1692e by using any false, deceptive, or misleading representation or means in connection with the collection of the Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

Thompson Consumer Law Group, PC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone: (602) 388-8875
Facsimile: (866) 317-2674
arinkleib@ThompsonConsumerLaw.com

a) Adjudging that Defendant violated 15 U.S.C. § 1692e;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692f

54. Plaintiff repeats and re-alleges each factual allegation above.

55. The FDCPA prohibits the use of unfair or unconscionable means to collect debts. *See* 15 U.S.C. § 1692f.

56. In addition to the non-exhaustive list of conduct that violates the FDCPA, § 1692f "allows a court to sanction improper conduct the FDCPA fails to address specifically." *Turner v. Professional Recovery Services, Inc.*, 956 F. Supp. 2d 573, 580 (D.N.J. 2013) (quoting *Adams v. Law Offices of Stuckert & Yates*, 926 F. Supp. 521, 528 (E.D. Pa. 1996)).

57. Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means against Plaintiff in connection with the collection of the Debt.

Complaint - 8

Thompson Consumer Law Group, PC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone: (602) 388-8875
Facsimile: (866) 317-2674
arinkleib@ThompsonConsumerLaw.com

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692f;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

Awarding such other and further relief as the Court may deem just and

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692g(b)

58. Plaintiff repeats and re-alleges each factual allegation above.

59. If a consumer requests validation, "the debt collector shall cease collection of the debt . . . until the debt collector obtains verification" and mails such verification to the consumer. 15 U.S.C. § 1692g(b).

60. Defendant violated 15 U.S.C. § 1692g(b) by, after having received a timely written communication from Plaintiff disputing the Debt, continuing collection without having first obtained and mailed Plaintiff verification of the Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692g(b);

Complaint - 9

Thompson Consumer Law Group, PC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone: (602) 388-8875
Facsimile: (866) 317-2674
arinkleib@ThompsonConsumerLaw.com

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

**TRIAL BY JURY**

61. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: February 25, 2021

Respectfully submitted,

s/Amorette Rinkleib
Amorette Rinkleib WSBA# 48626
Thompson Consumer Law Group, PC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
Telephone (602) 899-9189
Facsimile: (866) 317-2674
arinkleib@ThompsonConsumerLaw.com
Attorney for Plaintiff

Complaint - 10

Thompson Consumer Law Group, PC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone: (602) 388-8875
Facsimile: (866) 317-2674
arinkleib@ThompsonConsumerLaw.com